UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERK-COHEN ASSOCIATES, LLC, et al | CIVIL ACTION |
| VERSUS | NO: 07-9205 c/w 07-9207-SSV-SS |
| LANDMARK AMERICAN INSURANCE CO. | |

## ORDER

PLAINTIFFS' MOTION TO COMPEL (Rec. doc. 33)

**DENIED**

Before the undersigned is the motion of the plaintiffs, Berk-Cohen Associates, LLC ("Berk-Cohen") and Manhattan-Management Company, LLC ("Manhattan Management"), to compel the defendant, Landmark American Insurance Co. ("Landmark"), to provide discovery on other claims. During Hurricane Katrina, the plaintiffs' apartment buildings were damaged. The plaintiffs report that Landmark refused to reimburse them for insurance premiums paid to Landmark following the hurricane which were markedly higher than before the storm. The plaintiffs contend that the increased premiums were part of the continuing normal operating expenses covered by Landmark's policy.

The plaintiffs' interrogatories sought: (1) identification of all commercial properties in South Louisiana which are insured by Landmark; (2) identification of the size of each insurance claim made for these properties as result of Hurricanes Katrina and Rita; (3) the insurance premiums charged on the properties with claims for 2005-2007; and (4) production of the declarations pages for all policies issued by Landmark in South Louisiana for 2005-2007. Rec. doc. 33 (Exhibit A).

Landmark contends that: (1) the information sought is not relevant to the parties' claims and defenses; (2) the term "South Louisiana" is vague; and (3) the information is confidential because it relates to Landmark's competitors.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action. Id.

The plaintiffs contend that the discovery seeks information relating to Landmark's treatment of commercial customers similarly situated to plaintiffs. Rec. doc. 33. The plaintiffs' discovery is not crafted to produce this information. It does not seek any information concerning Landmark's action on claims for similarly situated properties with similar issues. The use of the phrase "South Louisiana" is vague and also renders the discovery deficient.

Where an insured seeks information on the handling of other claims, the courts do not have a uniform response. See "Ochsner Clinic Foundation v. Continental Casualty Company," 06-4556-SSV-SS, Rec. doc. 83 at 10-12. The plaintiffs have not made a sufficient demonstration that such information is relevant to their claims or that the need for the discovery outweighs the issues of burden and confidentiality raised by a request for access to information on other claims against Landmark. IT IS ORDERED that plaintiffs' motion to compel (Rec. doc. 33) is DENIED.

New Orleans, Louisiana, this 9th day of July, 2009.

                                                **SALLY SHUSHAN**
                                             **United States Magistrate Judge**