UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
-----------------------------------------------------x
BERK-COHEN ASSOCIATES, LLC, and
MANHATTAN MANAGEMENT
COMPANY, LLC,

                Plaintiffs,

-against-                      **MEMORANDUM & ORDER**
                                      Case Nos. 07-CV-9205 (FB) (SS)
LANDMARK AMERICAN INSURANCE            07-CV-9207 (FB) (SS)
CO.,                                                            (consolidated)

                Defendant.
-----------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
LORETTA G. MINCE, ESQ.
LANCE C. MCCARDLE, ESQ.
DANIEL J. CARR, ESQ.
Fishman Haygood Phelps
Walmsley Willis & Swanson, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170

*For the Defendant:*
ROBERT I. SIEGEL, ESQ.
DANIEL G. RAUH, ESQ.
Gieger, Laborde & Laperouse, LLC
701 Poydras Street, Suite 4800
New Orleans, LA 70139

**BLOCK, Senior District Judge:**

        On September 8, 2010, the Court entered judgment in these consolidated cases. In Case No. 07-CV-9205, judgment was for plaintiff Berk-Cohen Associates, LLC ("Berk-Cohen"), in the amount of $2,790,811.04 ($1,552,553 in contract damages, $776,276.50 as a statutory "bad faith" penalty, and $461,981.54 in prejudgment interest). The judgment directed Berk-Cohen to move for attorney's fees and costs under Louisiana Revised Statutes § 22:658, which it did. In Case No. 07-CV-9207, judgment was in favor of defendant, Landmark American Insurance Co. ("Landmark").

        The judgment in Case No. 07-CV-9207 was not appealed, but the judgment in Case No. 07-CV-9205 was. The Fifth Circuit affirmed as to the contract award, but

reversed as to the bad-faith award. *See Berk-Cohen Assocs. v. Landmark Am. Ins. Co.*, 2011 WL 2893019, at *3 (5th Cir. Jul. 20, 2011). As a result, the judgment in Case No. 07-CV-9205 must be reduced to $1,860,540.69 ($1,552,553 plus $307,987.69 in prejudgment interest).

In addition, the Fifth Circuit's decision vitiated the basis for Berk-Cohen's motion for attorney's fees and costs. On remand, therefore, Berk-Cohen has invoked Federal Rule of Civil Procedure 54(d) as a basis for costs only, abandoning its request for attorney's fees in the process. Landmark opposes the motion.[1] For the following reasons, the Court concludes that each party should bear its own costs.

* * *

Rule 54(d) provides that "costs—other than attorney's fees— should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise[.]" That language creates a "strong presumption that the prevailing party will be awarded costs," but "confers on the district court the discretion not to award costs to a prevailing party." *Schwartz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). "[I]f the court does not award costs to the prevailing party, [the Fifth Circuit] require[s] the district court to state its reasons." *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).

Although the party recovering judgment is usually deemed the prevailing party— regardless of the size of the judgment, *see Buckhannon Bd. & Care Home v. West Va.*

---

[1] Both parties have moved for leave to file supplemental memoranda of law regarding costs under Rule 54(d). Those motions are granted, and the supplemental memoranda are deemed filed.

*Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) — mitigated success can justify a denial of costs. *See Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 383 (5th Cir. 2012) (affirming denial of costs to plaintiff who "did not prevail on any of his other claims"); *In re Corrugated Container Antitrust Litig.*, 756 F.3d 411, 418 (5th Cir. 1985) ("The jury found for the plaintiffs in part and for the defendants in part. The trial court acted within its discretion [in ordering each party to bear its own costs]."). That circumstance obtains here: Berk-Cohen recovered on its claim for lost business income, but not on its claim for management fees and, more significantly, not on its claim for statutory penalties and attorney's fees. Since each party can claim a substantial victory in this litigation, the Court concludes that each should bear its own costs.[2]

\* \* \*

The Clerk is directed to conform the judgment in Case No. 07-CV-9205 to the Fifth Circuit's mandate and this memorandum and order.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 12, 2012

---

[2] The Court draws reassurance for its conclusion — though not in any binding sense — from the fact that the Fifth Circuit held that each party would bear its own appellate costs.

3